PROB. 12B
(7/93)

**ORIGINAL**

# United States District Court

for the

## DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 28 2007

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: WILLIAM NELSON,         Case Nos. CR 01-00299SOM-04
      aka "Bulla" and "Bula Grace"         CR 02-00022DAE-01

Name of Sentencing Judicial Officer:    The Honorable Susan Oki Mollway
      U.S. District Judge

Date of Original Sentence: 12/16/2002

Original Offense:    CR 01-00299SOM-04: Counts 1 and 4 - Conspiracy to Commit Arson, in violation of 18 U.S.C. § 371, Class D felonies; Counts 2 and 5 - Arson, in violation of 18 U.S.C. § 844(i), Class C felonies; and Count 3 - Aiding and Abetting Arson, in violation of 18 U.S.C. §§ 844(i) and 2, a Class C felony

CR 02-00022DAE-01: Count 2 - Falsely Making Counterfeit Obligations, in violation of 18 U.S.C. § 471, a Class C felony; Count 3 - Passing Counterfeit Obligations, in violation of 18 U.S.C. §§ 472 and 2, a Class C felony; and Count 4 - Transferring Counterfeit Obligations, in violation of 18 U.S.C. § 473, a Class C felony

Original Sentence:   CR 01-00299SOM-04: On 12/16/2002, the offender was sentenced to 60 months imprisonment as to each of Counts 1, 2, 3, 4, and 5 of the First Superseding Indictment, all such terms to run concurrently and concurrently with the sentence imposed in CR 02-00022DAE. The offender was also ordered to serve 3 years supervised release as to each of Counts 2, 3, and 5, and 5 years supervised release as to each of Counts 1 and 4 of the First Superseding Indictment, all such terms to run concurrently and concurrently with the sentence imposed in CR 02-00022DAE.

CR 02-00022DAE-01: On 12/16/2002, the offender was sentenced to 60 months imprisonment as to each of Counts 2, 3, and 4 of the Indictment, all such terms to run concurrently and concurrently with the sentence imposed in CR 01-00299SOM. The offender was also ordered to serve 3 years supervised release as to each of

Counts 2, 3, and 4 of the Indictment, all such terms to run concurrently and concurrently with the sentence imposed in CR 01-00299SOM.

The following special conditions were ordered: 1) That the defendant is prohibited from possessing any illegal or dangerous weapons; 2) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; and 3) That the defendant is restricted from associating in any way with George Grace, without the prior approval of the U.S. Probation Office.

The offender was also ordered to pay restitution of $177,492.05 in CR 01-00299SOM-04 and restitution of $550.00 in CR 02-00022DAE-01. Restitution for both criminal numbers are due immediately and any remaining balance is to be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

<u>Type of Supervision:  Supervised Release     Date Supervision Commenced:  6/13/2006</u>

## PETITIONING THE COURT

[✓]  To modify the conditions of supervision as follows:

  4)  *That the defendant performs 80 hours of community service.*

  5)  *That the defendant shall not associate with Danaleen Moses, a known felon under federal supervision, except for purposes of child visitation issues, as approved by the Probation Office.*

  6)  *That the defendant shall provide the Probation Office a copy of each month's monthly telephone and/or cellular telephone records, and each month's monthly bank or credit union statement.*

## CAUSE

The offender's 5-year term of supervised release commenced on 6/13/2006. Since then, the offender has violated his conditions of supervision as follows:

Prob 12B
(7/93)

3

### Violation No. 1 - Failure to Submit Monthly Bank Statements as Instructed by the Probation Officer on 12/6/2006 and 12/15/2006, in Violation of Standard Condition No. 3:

On 6/13/2006, the offender was released from the custody of the U.S. Bureau of Prisons. That same day, he was oriented to the conditions of supervision at the U.S. Probation Office. During the processing, this officer instructed the offender to submit his monthly pay statements and monthly bank statements with each month's Monthly Supervision Report (MSR).

From July 2006 to November 2006, this officer received the offender's MSRs for June 2006 through October 2006. While each MSR included the offender's pay statements, the MSRs did not include his monthly bank statements.

On 12/6/2006, this officer sent the offender a letter which in part, instructed him to submit a copy of his bank statements for the period June 2006 to November 2006. Additionally, on 12/15/2006, this officer met with the offender at his residence and instructed him to submit the requested bank statements. The offender was also instructed to submit his monthly bank statements with each MSR thereafter.

This officer has not received any bank statements since the start of supervision on 6/13/2006.

### Violation No. 2 - Failure to Timely Notify the Probation Office of Change in Employment and Change in Residence, in Violation of Standard Condition No. 6:

On 8/13/2007, this officer contacted the offender's employer, Pineridge Farms, Inc., to discuss the offender's progress at work. This officer was informed the offender "self-terminated" his employment with the company in July 2007.

On 8/21/2007, this officer received the offender's July 2007 MSR which reflected his change in employment as of 7/16/2007. Based upon the offender's reported change of employment, he was required to notify the Probation Officer on 7/16/2007.

Additionally, the offender's July 2007 MSR reflected the offender changed his residence on 7/21/2007 from Waianae Valley Road to Kapiki Road. Based upon the offender's reported change of residence, he was required to notify the Probation Officer on 7/21/2007.

Subsequently, on the evening of 10/3/2007, this officer attempted to interview the offender at the Waianae Valley Road address. This officer was informed by the offender's sister that the offender had moved back to the prior Kapiki Road address in August 2007. Thereafter, this officer met the offender at the Kapiki Road address.

The offender was informed that he was in violation for failing to timely notify this officer of his change in employment on the date he terminated his employment with

Prob 12B
(7/93)

4

Pineridge Farms, Inc., and in violation for failing to timely notify this officer of his change in address in July 2007 to the Waianae Valley Road address and change in address in August 2007 to the Kapiki Road address.

### Violation No. 3 - Failing to Follow the Probation Officer's 6/13/2006 Instruction to Not Associate With Danaleen Moses, a Known Felon Under Federal Supervision With the Probation Office, in violation of Standard Condition Nos. 3 and 9:

On 6/13/2006, the offender was processed for supervision at the Probation Office. During that meeting, the offender was instructed not to associate with Danaleen Moses, a felon under supervision. In this regard, although Moses was his long-term girlfriend whom he had a daughter with, association was prohibited as: 1) Moses had a special condition which specifically prohibited association with the offender; 2) Moses was a felon who was also the offender's codefendant in CR 02-00022DAE; and 3) the parties were not legally bound to one another. However, this officer advised the offender that he and Moses could associate for purposes of child visitation regarding their daughter. Specifically, this officer would allow the offender to communicate visitation arrangements with Moses, as well as pick up and drop off their daughter at Moses's residence.

Throughout the offender's supervision, this officer questioned the offender as to whether he was having more than visitation contact with Moses. The offender denied all inquiries.

In August 2007, this officer learned that Moses was pregnant and due to give birth in late August 2007. This officer also learned from Moses's probation officer that Moses denied that the offender was the father of the unborn child.

On 10/3/2007, this officer questioned the offender as to the paternity of Moses's child. The offender reported that he did not know whether it was his. In this regard, the offender did not deny that the child could be his. Upon further questioning, the offender admitted that Moses's newborn child "could be" his as he and Moses had been having physical contact with each other, including sexual relations, since the offender's release in June 2006.

Subsequently, this officer informed the offender that he was in violation of his supervision conditions for failing to follow this officer's specific and repeated instructions to not associate with Moses, and for associating with a felon.

The offender admitted to the violations, but reported that it was difficult not to associate with Moses because they have had a long-term relationship since they were minors and also had a daughter together. This officer acknowledged the offender's feelings, but reiterated that the instructions were clear and the offender had full knowledge that Moses herself had a specific special condition which did not allow contact with him. Thereafter, this officer informed the offender that the Court would be notified of his violations and that he would be sanctioned for his violations. The

Prob 12B
(7/93)

5

offender was then warned that continued association and/or failure to comply with supervision conditions would result in a request for revocation.

    On 10/10/2007, this officer discussed the proposed modifications with the offender. The offender agreed that 80 hours of community service was an appropriate sanction. The offender also agreed that for purposes of risk control, a specific prohibition against associating with Moses would be requested. Additionally, the offender agreed that the submission of his bank statements and cellular telephone records will allow the Probation Officer to monitor his compliance with prohibited association.

    Please be advised the offender is entitled to a hearing and counsel before the new conditions are imposed. Attached is the signed Waiver of Hearing to Modify Conditions of Supervised Release indicating that the defendant has waived these rights. His attorney of record, Samuel P. King, Jr., and Assistant U.S. Attorney Marshall H. Silverberg, have been notified by this officer of this request, and both expressed no objection to the modifications.

    Additionally, the Notice Regarding Modification of Conditions is attached. The offender understands that any modification of Court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the Court as a basis for revoking supervised release, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

Respectfully submitted by,

DEREK M. KIM
Senior U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 11/26/2007

Prob 12B
(7/93)

6

THE COURT ORDERS:

[ ✓ ]   The Modification of Conditions as Noted Above
[  ]    Other

*SUSAN OKI MOLLWAY*
U.S. District Judge

11/26/07
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

### Waiver of Hearing to Modify Conditions of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]   To extend the term of supervision for  years, for a total term of  years.
[ X ] To modify the conditions of supervision as follows:

   4)   That the defendant performs 80 hours of community service.

   5)   That the defendant shall not associate with Danaleen Moses, a known felon under federal supervision, except for purposes of child visitation issues, as approved by the Probation Office.

   6)   That the defendant shall provide the Probation Office a copy of each month's monthly telephone and/or cellular telephone records, and each month's monthly bank or credit union statement.

Witness: _____
DEREK M. KIM
Senior U.S. Probation Officer

Signed: _____
WILLIAM NELSON
Supervised Releasee

10/15/07
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_/s/ William Nelson_
Defendant

Print Name: William Nelson

Date: 10/30/07